UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH NOEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1028** |
| **THE CONTINENTAL INSURANCE COMPANY, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Plaintiff Kenneth Noel's ("Plaintiff") Motion to Remand.[1] Plaintiff alleges that this matter should be remanded to state court because removal was improper.[2] Plaintiff argues that the amount in controversy did not exceed $75,000 at the time of removal.[3] In opposition, Defendants Schindler Elevator Corporation and Zurich American Insurance Company ("Removing Defendants") argue that Plaintiff's pre-suit settlement demand exceeded $75,000 and can be used as evidence of the amount in controversy.[4] For the reasons discussed in more detail below, Removing Defendants have satisfied their burden of proving that the amount in controversy exceeds $75,000. Therefore, considering the motion, the opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 14.

[2] *Id.*

[3] *Id.*

[4] Rec. Doc. 15.

1

**I. Background**

On or about March 14, 2023, Plaintiff was a guest at the Le Meridien Hotel located at 333 Poydras Street, New Orleans, Louisiana 70130.[5] The petition states that Plaintiff was in the hotel elevator heading up towards his floor, when the elevator suddenly dropped as it got to the twentieth floor, causing Plaintiff to fall to the ground.[6] The petition states that the elevator then came to a sudden stop before making another accelerated descent to the ground floor level.[7]

On February 27, 2024, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans against The Continental Insurance Company, Walton Street Capital, LLC, W-S NOLA LM PROPCO VIII, LLC, Zurich American Insurance Company, and Schindler Elevator Corporation.[8] Plaintiff alleges that he sustained severe injuries including but not limited to painful injuries to his lumbar spine and cervical spine.[9]

On April 23, 2024, Removing Defendants removed the matter to this Court asserting subject matter jurisdiction under 28 U.S.C. § 1332.[10] Removing Defendants attach a settlement demand letter from Plaintiff's attorney in support of the removal as the basis for the amount in controversy.[11]

---

[5] Rec. Doc. 2-1 at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 1 – 2.

[9] *Id.* at 3.

[10] Rec. Doc. 2.

[11] Rec. Doc. 2-3.

On May 23, 2024, Plaintiff filed the instant motion.[12] On June 3, 2024, Removing Defendants filed an opposition to the motion.[13]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion*

Plaintiff argues that the matter should be remanded to state court because the removal was improper.[14] Plaintiff contends that Removing Defendants do not provide any support for their position that this matter is removable pursuant to 28 U.S.C. §§ 1332 and 1441.[15] Plaintiff asserts that the petition does not contain an amount of damages, and it is not facially apparent that the claims are likely to exceed the $75,000 amount in controversy requirement.[16]

Plaintiff argues that while Removing Defendants reference demands in excess of $75,000, the Fifth Circuit has not conclusively declared that a settlement demand is considered relevant evidence of the amount in controversy.[17] Plaintiff contends that there has been no surgical recommendation, which courts have considered in determining the amount in controversy.[18] Plaintiff asserts that the settlement demand noted that medical expenses were $7,411.60 for

---

[12] Rec. Doc. 14.

[13] Rec. Doc. 15.

[14] Rec. Doc. 14-1 at 2.

[15] *Id.*

[16] *Id.* at 3.

[17] *Id.* at 3–4.

[18] *Id.* at 4–5.

3

treatment over the course of nine months.[19] Plaintiff avers there is no evidence in the petition or any "other paper" that establishes that the amount in controversy exceeds $75,000.[20]

### B. *Removing Defendants' Arguments in Opposition to the Motion*

In opposition, Removing Defendants assert that the settlement demand mentioned a likelihood of future surgery, and the petition referenced past, present, and future medical expenses, pain and suffering, loss of enjoyment of life, and diminished earning potential.[21] Removing Defendants state that Plaintiff made a demand for $157,411.60.[22] Removing Defendants contend that the action was removed based on the petition, the pre-suit settlement demand, and Plaintiff's refusal to stipulate that his damages did not exceed the sum of $75,000.[23]

Removing Defendants rely on Fifth Circuit authority finding that removal was proper based on a letter in which the plaintiff's counsel stated that the amount in controversy exceeded the jurisdictional minimum.[24] Removing Defendants contend that this Court has recognized that a settlement demand can be relevant evidence of an amount in controversy when it "reflects an honest assessment of the value of plaintiff's claims."[25]

---

[19] *Id.* at 5.

[20] *Id.*

[21] Rec. Doc. 15 at 2.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 5.

[25] *Id.*

4

Removing Defendants assert that the Fifth Circuit and other judges in this District have held that the jurisdictional amount was satisfied in similar circumstances.[26] Removing Defendants contend that evidence shows that the amount in controversy exceeded $75,000 at the time of filing.[27] Based on representations made by Plaintiff's counsel, Removing Defendants argue that the settlement demand in the amount of $157,411.60 was an honest assessment of damages.[28]

Removing Defendants assert that Louisiana law allows a plaintiff to plead a specific monetary sum to show "the lack of jurisdiction of federal courts due to insufficiency of damages…"[29] Removing Defendants argue that since Plaintiff did not plead a specific monetary sum, this indicates that Plaintiff's counsel did not believe that the amount in controversy was below the jurisdictional threshold.[30] Removing Defendants argue that when Plaintiff's counsel was presented with the opportunity to stipulate that Plaintiff's damages were less than $75,000, Plaintiff's counsel responded, "[u]nsure of [Plaintiff's] medical condition, better to remove."[31]

Removing Defendants argue that a surgical recommendation is not conclusive in determining the amount in controversy.[32] Removing Defendants contend that Plaintiff does not explain the contradiction in his settlement demand and the instant motion regarding a potential

---

[26] *Id.* at 7–8.

[27] *Id.* at 9.

[28] *Id.*

[29] *Id.* at 10 (citing Louisiana Code of Civil Procedure article 893(A)(1)).

[30] *Id.*

[31] *Id.*

[32] *Id.* at 11.

future surgery.³³ Removing Defendants assert that Plaintiff does not provide any medical records or other evidence of Plaintiff's injuries.³⁴

Removing Defendants aver that other courts have found that the jurisdictional amount in controversy was met when plaintiffs suffered similar injuries.³⁵ Removing Defendants contend that an award of $157,411.60, as requested by Plaintiff, would certainly be in line with similar cases.³⁶ Removing Defendants argue that these cases clearly demonstrate that the amount in controversy would exceed the sum of $75,000.³⁷

### III. Legal Standard

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)."³⁸ Since Louisiana law prohibits plaintiffs from specifying the numerical value of their damages, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.³⁹ First, the district court inquires whether it is facially apparent

---

³³ *Id.*

³⁴ *Id.*

³⁵ *Id.* at 12–13.

³⁶ *Id.* at 13.

³⁷ *Id.*

³⁸ *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 882 (5th Cir.2000) (citing *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999).

³⁹ *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, (5th Cir.2002) (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995)); *Gebbia,* 233 F.3d at 882; *Allen v. R & R Oil & Gas* Co., 63 F.3d 1326, 1335 (5th Cir.1995).

that the claims are likely to exceed $75,000 and, if so, removal is proper.[40] When making the "facially apparent" determination, the correct procedure is to look exclusively at the face of the complaint and ask whether the amount in controversy is likely to exceed $75,000.[41] If it is not facially apparent that the claims are likely to exceed $75,000, "the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal."[42] Once the removing party makes this showing by a preponderance of the evidence, "removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount."[43]

## IV. Analysis

Plaintiff argues that this matter should be remanded to state court because the amount in controversy does not exceed $75,000.[44] Removing Defendants counter that Plaintiff's pre-suit settlement demand in the amount of $157,411.60 shows that the amount in controversy has been met.[45] The parties do not contest the complete diversity requirement. At dispute is the whether the amount in controversy exceeds $75,000. It is not "facially apparent" from Plaintiff's petition that the claims were likely to exceed $75,000. Since it is not "facially apparent", the Court must next consider whether Removing Defendants have met their burden of proving, through summary

---

[40] *Manguno,* 276 F.3d at 723; *Allen,* 63 F.3d at 1335.

[41] *Allen,* 63 F.3d at 1336.

[42] *Id.; see also Manguno,* 276 F.3d at 723.

[43] *Fairchild v. State Farm Mut. Automobile Ins. Co.,* 907 F.Supp. 969, 970 (M.D.La.1995) (citing *De Aguilar,* 47 F.3d at 1412).

[44] Rec. Doc. 14.

[45] Rec. Doc. 15.

judgment-type evidence, that the amount in controversy in this matter is likely to exceed the jurisdictional minimum.[46]

Removing Defendants argue that by producing Plaintiff's pre-petition settlement demand letter, they have proven that the amount in controversy exceeds $75,000. Removing Defendants contend that pre-complaint settlement demand letters may be relied upon in proving the amount in controversy for jurisdictional purposes. The Court finds that Plaintiff's pre-petition settlement demand letter is relevant evidence of the amount in controversy at the time of removal. Courts within the Fifth Circuit have routinely held that both pre- and post-complaint demand letters may be relied on as evidence to satisfy the amount-in-controversy requirement.[47]

Plaintiff relies on *Mogillis v. Memberselect Insurance Co.*,[48] wherein this Court granted a similar motion to remand. However, the instant matter is distinguishable from *Mogillis*. In *Mogillis*, defendants removed the matter to this Court based upon pre-petition settlement demands. Plaintiffs there admitted that they "demanded policy limits as a matter of prudence, given that defendants refused to disclose the limits of the insurance coverage available."[49] By contrast, Plaintiff here has not argued that the settlement demand was inflated or that it was not an honest assessment of damages. "Settlement demand letters evidence the amount in controversy insofar as

---

[46] *Allen*, 63 F.3d at 1335.

[47] *See, e.g.*, *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (determining that "a post-complaint letter, which is not plainly a sham, may" be evidence of the amount in controversy for purposes of removal); *Lafayette City-Par. Consol. Gov't v. Chain Elec. Co.*, 2011 WL 4499589, at *6 (W.D. La. Sept. 23, 2011) ("It can be inferred from several Fifth Circuit cases that pre-petition settlement demand letters can be considered as relevant summary judgment-type evidence of the amount of controversy.").

[48] 2024 WL 835833, (E.D. La. 2/28/2024).

[49] *Id.* at *5.

8

they represent a plaintiff's actual valuation of [his] claims."[50] The fact that the settlement demand letter in this case extensively addresses Plaintiff's injuries, treatment, and medical expenses, with references to supporting documentation, leads the Court to conclude that it represents an honest assessment of Plaintiff's damages.[51]

Here, the pre-petition settlement demand letter, viewed alongside allegations of serious injuries and damages, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff does not suggest that he would be able to show to a legal certainty that the recovery will not exceed the jurisdictional amount. As such, the Court must deny Plaintiff's motion.

## V. Conclusion

For the reasons stated herein, the Court finds that Removing Defendants have satisfied the burden of proving that this case is removable on the basis of diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[52] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 26th day of June, 2024.

NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[50] *Marullo v. Dollar Gen. Corp.*, 2014 WL 3587879, at *2 (E.D. La. July 21, 2014) (citing *Cole v. Knowledge Learning Corp.*, 2009 WL 1269591, at *4 (E.D. La. May 6, 2009), *aff'd*, 416 F. App'x 437 (5th Cir. 2011)).

[51] *Carver v. Wal-mart Stores Inc.*, No. 08–42, 2008 WL 2050987 (E.D. La. May 13, 2008).

[52] Rec. Doc. 14.